5 F.3d 536
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Mike GRAVEL, Plaintiff-Appellant,
v.
John FERRIS; David M. Rubenstein; Stephen Norris; Bill
Conway; Dan D'Aniello, Defendants,
and
Carlyle Group; Bruce Edwards, Defendants-Appellees.
 No. 92-35464.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 4, 1993.
Decided Sept. 1, 1993.
 
 Appeal from the United States District Court for the District of Alaska, No. CV-88-034-HRH; H. Russel Holland, District Judge, Presiding.
 D.Alaska
 AFFIRMED.
 Before: SCHROEDER, FLETCHER, and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This appeal arises out of extensive litigation instituted by the plaintiff-appellant, Mike Gravel, against various entities and individuals engaged in negotiations for the sale of the net operating losses (NOL) of a native corporation in Sitka, Alaska.
 
 
 3
 This appeal deals only with the issue of the propriety of the district court's award of attorneys fees. The court awarded fees in favor of the defendant-appellee Carlyle Group in the amount of $90,131.62 pursuant to Alaska Civil Rule 82. The court awarded fees under the same provision to defendant-appellee Edwards in the amount of $40,287.44 and also as sanctions under Rule 11 of the Federal Rules of Civil Procedure.[1] Because Rule 82 and Rule 11 stand now as alternative bases for the imposition of the same liability in favor of Edwards, we need address only the propriety of fees under Alaska Rule 82. We therefore do not determine whether the sanctions were warranted under Rule 11.
 
 
 4
 Under Alaska law, the award of attorneys fees to the prevailing party under Rule 82 "is committed to the broad discretion of the trial court." O'Buck v. Cottonwood Village Condominium Ass'n, Inc., 750 P.2d 813, 821 (Alaska 1988). Abuse of discretion occurs "where the award is manifestly unreasonable." Id. Under decisions of the Alaska Supreme Court, awards representing 90-100% of actual fees are justified where the case has been brought frivolously. See Alaska N. Dev., Inc. v. Alyeska Pipeline Serv. Co., 666 P.2d 33, 42 n. 9 (Alaska 1983), cert. denied, 464 U.S. 1041 (1984); State v. University of Alaska, 624 P.2d 807, 817 (Alaska 1981).
 
 
 5
 Here, the district court recited in some detail the bases for its conclusion that, with respect to both the Carlyle Group and Edwards, the complaint lacked any foundation and had to be deemed frivolous. The court ruled on the merits that the claims were time barred and failed to allege redressable violations of the Unfair Trade Practices Act. We are unable to conclude that the district court abused its discretion in awarding fees pursuant to Alaska Rule 82 at the ratios of 90% for the Carlyle Group and 100% for Edwards.
 
 
 6
 With respect to the Carlyle defendants, appellant also challenges the amount of fees awarded. The district court ordered Gravel's complaint against the Carlyle defendants dismissed in July, 1990. The Carlyle defendants requested Rule 54(b) certification, and Gravel opposed, requesting additional time to consider the filing of a RICO claim. No such claim was filed, and judgment was entered in accordance with Rule 54(b) in June, 1991. Gravel challenges the award of approximately $20,000 in favor of the Carlyle defendants for services rendered between the time that Gravel's complaint was dismissed against those defendants and the time that final judgment in accordance with Rule 54(b) was entered. The amount awarded represented 90% of the total $22,800 in fees claimed to have been incurred.
 
 
 7
 The Carlyle defendants justify the fees on the ground that the continued possibility of an additional claim being raised required active monitoring on their part. Our review of the affidavit in support of the fees supports Gravel's position, which was articulately asserted in the district court, that large portions of the time that underlies the $22,800 in claimed fees had little if any connection to Gravel's actual or potential claims against the Carlyle defendants. Rather, the Carlyle attorneys were monitoring and preparing for Gravel's litigation against Ferris. There the Carlyle defendants were potential witnesses, but were not in an adversary relationship to Gravel. Many of the time sheet entries are vague, and do not specify the relationship of the activity to Gravel's claim against the Carlyle defendants, as opposed to other aspects of the litigation. Entries such as "deposition," "review pleadings," and similar entries, in the context of the ongoing litigation against parties other than the Carlyle defendants, are not identified as pertaining to Gravel's claims against the Carlyle defendants. Even if they all relate directly to those claims, they would be excessive. We have considered the supporting affidavit, Gravel's opposition, and the response of the Carlyle defendants to that opposition in the district court, as well as the briefs and arguments to us. We conclude that no more than $9,000 should be awarded as fees for services rendered following the dismissal of the Carlyle defendants from the action. Accordingly, the judgment in favor of the Carlyle defendants is reduced by $11,500.
 
 
 8
 The judgment in favor of Edwards is AFFIRMED. The judgment in favor of the Carlyle defendants is AFFIRMED AS MODIFIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Rule 11 sanctions in favor of Edwards were imposed jointly and severally against Gravel and his counsel. Counsel has settled and paid a portion of that liability, so that Gravel now faces liability for $20,287.44